## COMMONWEALTH *vs.* JOSHUA DEAN.
## SAME *v.* MICHAEL HOYE.

The requirement of the Rev. Sts. *c.* 135, § 2, that a warrant issued for the arrest of an ac-
cused person shall recite the substance of the accusation, is complied with by making the
warrant on the same paper with the complaint, and definitely referring to it.

*It seems,* that an objection to the form of a warrant issued upon a complaint before a jus-
tice of the peace, though taken before the justice, is waived by not renewing it at the
first opportunity in the court of common pleas on appeal.

Two COMPLAINTS made, one by Peter C. Thayer, the other
by John T. Carter, to a justice of the peace in Taunton, for
single sales of intoxicating liquor in violation of *St.* 1855,
*c.* 215, § 15. In each case the warrant upon which the defend-
ant was arrested was upon the same paper with the original
complaint.

In *Dean's case,* immediately following the complaint, the
words of the warrant were as follows: "Bristol, ss. To the
sheriff of said county, or his deputy, or to either of the consta-
bles of the town of Taunton in said county, greeting: Whereas
the above complaint has this day been made on oath to the sub-
scriber, a justice of the peace within and for said county, by
the above named Thayer against the above named Dean, for
the offence described in the annexed complaint." Then fol-
lowed the order to apprehend the defendant and bring him
before the justice, and to summon as a witness the person to
whom liquor was alleged to have been sold.

Dean, before pleading to the complaint, moved that the com-
plaint and warrant be quashed, and further proceedings be
stayed, "because said warrant does not recite the substance of
the accusation against the defendant, as is required by statute."
The justice overruled the motion, and the defendant, being
convicted, appealed to the court of common pleas, and, being
again found guilty there, moved in arrest of judgment for the
same reason. The court of common pleas overruled the mo-
tion, and the defendant appealed to this court.

In *Hoye's case,* the complaint and warrant were precisely like

those against Dean, except in substituting, for the correspond-
ing words in that warrant, the following words : " by the aboved
named Carter against the aboved named Hoye." Hoye, before
pleading to the complaint, moved to be discharged, because the
warrant was insufficient, and this motion being overruled, and
himself convicted, appealed to the court of common pleas, and
there renewed his motion, and excepted to the decision of that
court overruling it.

*B. Sanford*, for Dean. The Rev. Sts. *c.* 135, § 2, provide for
a warrant separate and distinct from the complaint, and require
it to recite " the substance of the accusation." And so is the
form in D. Davis's Justice, 39, 202. This case is distinguishable
from previous cases. The warrant held sufficient by a reference
to the complaint, in *Commonwealth* v. *Dana*, 2 Met. 329, was a
search warrant, issued under Rev. Sts. *c.* 142, § 3, which require
only that the place and the articles to be seized " shall be desig-
nated and described in the warrant." *Donahoe* v. *Shed*, 8 Met.
326, was an action against the officer who served the warrant ;
and a process may well be sufficient to protect an officer acting
under it, and yet insufficient to support an action or prosecu-
tion. *Brigham* v. *Este*, 2 Pick. 420. The failure of the war-
rant to conform with the requirements of the statute, having
been seasonably objected to, was a fatal defect. *Commonwealth*
v. *Henry*, 7 Cush. 512.

*C. I. Reed*, for Hoye.

*J. H. Clifford*, (Attorney General,) for the Commonwealth.

SHAW, C. J. The statute requires that the warrant shall
recite the substance of the accusation. Rev. Sts. *c.* 135, § 2.
Although this, upon a strict and literal construction, would re-
quire the insertion of the substance of the complaint in the body
of the warrant, still it is a rule, almost if not quite universal, that
where a paper is annexed, and definitely referred to, it is to be
treated as recited in and a part of the process or instrument in
which it is recited. Each of these warrants definitely refers to
the complaint on the same paper, by the words, " the above
complaint," " the offence described in the annexed complaint,"
and also mentions the names of the complainant and defendant.

The words "aboved named" in the warrant against Hoye—obviously mistakes of the pen or of the printer — may be rejected as merely senseless, and still leave enough to make a definite refer ence to the complaint.

If it were otherwise, the defect would be a mere informality or irregularity, an omission of a recital required for the defendant's benefit, and which was waived by a failure to take advantage of it at the earliest opportunity. The motion having been overruled in each case by the justice before whom the complaint was made, and the defendant thus obliged to proceed to trial, his pleading to the complaint there would not be a waiver of the objection. But he was bound to renew it before pleading in the court of common pleas. The objection is not therefore now open to the defendant in the first case. But we do not put it upon this ground; inasmuch as the answer already made is sufficient to dispose of both cases. *Exceptions overruled.*